Ruth LAWSON, Plaintiff/Appellee,

v.

John T. BAUMAN,
Defendant/Appellant.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Nov. 30, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 25, 1991.

J. Hilton Conger, Smithville, for plaintiff/appellee.

Larry R. Williams, Williams & Smith, R.N. (Bo) Taylor, Bradley, Van Sant & Rudy, Nashville, for defendant/appellant.

OPINION

TODD, Presiding Judge.

This is a suit to reform a deed of gift. The Trial Judge, sitting without a jury, granted reformation by cancelling the deed and ordering the plaintiff to pay defendant $7,500.00. Defendant appealed.

The defendant, John Bauman, is the stepson of Edward Bauman who married John Bauman's mother when John was 4 years old. John Bauman was raised in the household of Edward Bauman and a close relationship existed between the stepson and

stepfather. In 1966, Edward Bauman and John Bauman's mother were divorced. John Bauman entered the Navy and served for a number of years. He has never resided in Tennessee. In 1969, Edward Bauman married the plaintiff, Ruth Lawson. In 1976, Edward and Ruth Bauman moved from New York to Sparta, Tennessee, and purchased a 20 acre unimproved tract, a part of which is involved in this controversy. In 1979, Edward and Ruth Bauman moved to Naples, Florida, but retained ownership of the 20 acre tract in Tennessee. In 1982, Edward and Ruth Bauman decided to give to John Bauman a 2 acre portion of the 20 acre tract, and had a surveyor survey the 20 acre tract and write the description of the tract to be conveyed to John Bauman. The Baumans intended that the tract to be conveyed would be in the "south-west corner" of the 20 acre tract, but the surveyor prepared a description designating 2.6 acres in the northeast corner of the tract. The Baumans recognized the error, but executed and recorded the deed containing the erroneous description because "we had to get back home, so we just left it. We figured we would do it some other time." "Do it" meant changing the location of the gift to the southwest corner of the 20 acre tract. Plaintiff testified:

> "We were just anxious to get back home and thought, it is in the family, we can have it done at another time, have it corrected. We figured it was not that important. We just left it alone."

The deed was sent to John Bauman, enclosed with a letter from Mrs. Bauman stating:

> Sorry you haven't received this sooner. It is my fault for not getting it to you in the mail. Just make sure you keep it in a safe place, safe deposit box preferred. I will send you the plat as soon as I can. I guess I am more excited about this transaction than you might be. I can't wait any longer, it was driving me crazy. I hope that you will someday build a house on it. I know for sure that we will. I know Dad will help you build yours.

In 1984, Edward and Ruth Bauman began construction of a house on the 20 acre tract. In locating the house, they gave no consideration to the location of the 2.6 acre tract which they had conveyed to John Bauman. The house was not completed before the death of Edward Bauman in 1988. After the death of Edward Bauman, Ruth Bauman had the 20 acres surveyed in preparation for its sale and found that the uncompleted house was located partly upon the 2.6 acre tract which had been conveyed to John Bauman.

Ruth Bauman never finished the construction of the house. There is no evidence that John Bauman ever took possession of the 2.6 acre tract, paid any taxes thereon, or exercised ownership in any way until after the death of Edward Bauman and the discovery that the house encroached upon the 2.6 acre tract, when he made certain expenditures to complete and/or preserve the house.

The complaint states the facts and prays: B. That upon a hearing of the case, the Court invoke its inherent equitable powers and grant such equitable relief as plaintiff may be found entitled to and the nature of the cause may require.

The defendant answered denying that plaintiff was entitled to any relief and cross claimed for equitable relief averring that the house was constructed on his property as a gift to him.

The Trial Court entered judgment as follows:

> [T]he Court finds that there is a material mistake in the deed from the plaintiff and her former husband to the defendant of record in Deed Book W–5, page 172, Register's Office, DeKalb County, Tennessee. The Court further finds that the issue of mistake was raised and sustained by the proof introduced by the defendant and the pleadings are, accordingly, amended to conform to the proof.
>
> Based upon the foregoing, the Court finds and holds, and it is, accordingly, ORDERED that the conveyance from the plaintiff and her former husband to the defendant of record in Deed Book W–5, page 172, Register's Office, DeKalb

County, Tennessee, is hereby canceled and rescinded.

It further appears to the Court from the proof introduced that the fair cash market value of the 2.6 acres which was conveyed from the plaintiff and her husband to the defendant is Four Thousand, Five Hundred Dollars ($4,500) and that the defendant should be reimbursed for certain expenditures in the amount of Three Thousand Dollars ($3,000). It is, accordingly,

ORDERED and ADJUDGED that the defendant, John J. Bauman, have and recover of the plaintiff the sum of Seven Thousand, Five Hundred Dollars ($7,500), being the fair cash market value of the 2.6 acres, together with his recovery for expenditures on the property. A lien is impressed upon the plaintiff's property to secure the payment of this judgment.

The costs of this cause are taxed one-half to each of the parties.

On appeal, the defendant presents two issues, as follows:

1. DID THE COURT ERR IN HOLDING THAT A MATERIAL MISTAKE EXISTED IN THE DEED FROM THE APPELLEE TO THE APPELLANT WHICH ALLOWED THE APPELLANT'S DEED TO BE CANCELLED AND RESCINDED?

2. DID THE COURT ERR IN FAILING TO FIND THE CONSTRUCTION OF THE IMPROVEMENTS ON THE DEFENDANT'S PROPERTY CONSTITUTES A GIFT?

■ The second issue will be discussed first. In support of the second issue, defendant's brief states:

THE EVIDENCE PREPONDERATED IN FAVOR OF THE INTENT OF THE PLAINTIFF AND JOHN BAUMAN'S STEPFATHER TO MAKE A GIFT OF THE IMPROVEMENTS.

While there are circumstances from which a gift of the house might be inferred, the contrary may be inferred from other circumstances. The testimony of plaintiff, which the Trial Judge credited, negates any intent of a gift. The house was being built as a retirement home for Edward and Ruth Bauman, and not as a gift to John Bauman. Although Edward and Ruth Bauman negligently failed to have the 2.6 acre tract surveyed to avoid encroaching thereon with the house, there is no evidence that they consciously located a part of the house on the 2.6 acre tract.

The evidence does not preponderate against the failure of the Trial Judge to find a gift of the house. The second issue is resolved in favor of the plaintiff.

■ The first issue presents the difficult problem of the just and equitable resolution of the difficulty created by the improvident execution and delivery of a deed known to be erroneous. In the case of a bona fide purchaser for value, the answer would be obvious. However, in the case of a deed of gift to a member of the family who gave no consideration therefor, there is no reason why the deed should not be corrected to conform to the intent of the donors, assuring that the donee will be reimbursed for all that he has spent in completing or preserving the house.

■ It is a well settled rule that a court of equity will reform a voluntary instrument of conveyance or transfer at the suit of the party executing the same. See authorities annotated in 69 A.L.R. at 430.

■ Accordingly, a voluntary conveyance made without any consideration may be reformed at the suit of the grantor against the grantee. See authorities from Alabama, Georgia, Illinois, Indiana, Kentucky, New York, Ohio, and West Virginia annotated in 69 A.L.R. at 430.

See also authorities annotated in 6 Am. Jur.2d *Reformation of Instruments* § 45, p. 568, n. 13.

To the same effect is 76 C.J.S. *Reformation of Instruments* § 57 p. 408, n. 48.

■ Where reformation is granted, it should carry out the true intent of the parties by whatever equitable means is necessary. 76 C.J.S. *Reformation of Instruments* § 87 p. 483.

The judgment of the Trial Court only partly accomplishes this purpose. The er-

roneous deed has been cancelled, but the true intent of the donors has not been carried out, that is, to convey to John Bauman a 2.6 acre tract in the southwest corner of the 20 acre tract.

Therefore, the judgment of the Trial Court is modified to provide as follows:

The deed to John Bauman will be cancelled on the following conditions:

1. The plaintiff at her expense will have a responsible surveyor lay off and describe a tract of 2.6 acres in the southwest corner of the 20 acre tract with road frontage equal to the road frontage of the 2.6 acre tract formerly laid out in the northwest corner. If necessary for convenient access to the public road an easement across the 20 acre tract will be plotted and described.

2. The plaintiff at her expense will have prepared, execute and deliver to John Bauman a deed conveying to John Bauman a good fee simple title to the said 2.6 acre tract in the southwest corner of the 20 acre tract together with any easement necessary for convenient access to the public road.

3. The plaintiff will pay to John Bauman $3,000 and costs of this cause in the trial court.

The costs of this appeal are taxed equally. That is, each party will pay one-half of same. The cause is remanded to the Trial Court for entry of a judgment and further proceedings in conformity with this decree.

Modified and Remanded.

FRANKS and CANTRELL, JJ., concur.